**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENJUAN BAO, | No. 17-71399 |
| Petitioner, | Agency No. A205-793-061 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2020[**]
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Wenjuan Bao, a native and citizen of the People's Republic of China, seeks

review of a decision by the Board of Immigration Appeals (BIA) that dismissed her

appeal from an Immigration Judge's (IJ) denial of her application for asylum and

withholding of removal. She alleges past persecution and a fear of future persecution

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

due to her involvement with the political movement Falun Gong and a website she created criticizing the Chinese Communist Party. The IJ denied her application based on (1) an adverse credibility finding and (2) Bao's failure to establish her eligibility for either asylum or withholding of removal, even if credible. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

The BIA reviews an IJ's factual findings under the clearly erroneous standard. 8 C.F.R. § 1003.1(d)(3)(i). We review the BIA's decision for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Here, the BIA adopted and affirmed the IJ's decision and also added its own discussion, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). We therefore review the decisions of both the IJ and the BIA. *See Joseph v. Holder*, 600 F.3d 1235, 1239–40 (9th Cir. 2010).

Beginning with the issue of Bao's credibility, the IJ must consider "the totality of the circumstances," though it does not matter "whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ did so here. Bao told a "much more compelling" story of persecution in her hearing than in her initial application, which failed to mention her mother's five-day detention, beating, and routine visits by the police, or to include the photos Bao later submitted as evidence of her mother's injuries. Bao's testimony was also full of inconsistencies, including the contradiction between her expressed

2

fear of making phone calls to China due to the possibility of government eavesdropping, and her claim that she called a Chinese lawyer to discuss the possible legal ramifications of her conduct.

These facts are sufficient to uphold the IJ's adverse credibility determination. *See Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019) ("We must uphold an adverse credibility determination 'so long as even one basis is supported by substantial evidence.'" (citation omitted)). And, as the IJ found, Bao's prior dishonesty in obtaining her visa—including bringing a fake husband to her interview—"lowers her credibility considerably." *See Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). On these bases, we conclude that substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination. At the very least, we are not "compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Without credible testimony or sufficient corroborating evidence,[1] Bao's claims for asylum and withholding of

---

[1] Substantial evidence also supports the IJ's determination that Bao did not provide sufficient corroborating evidence. We agree that: (1) Her mother's letters are inconsistent, given that the first letter omits any mention of the police visits that happen "every few weeks" according to the second letter; (2) Bao's three-year delay in submitting the photos of her mother's injuries "lends itself to the conclusion that the photos may have been staged . . . or digitally altered"; and (3) Bao's friends' letters about visiting Bao's website are inconsistent with Bao's testimony that her "colleagues and friends in China could not view [her website]."

removal must fail. *Yali Wang*, 861 F.3d at 1009.

Even had the IJ found Bao credible, substantial evidence also supports the BIA's affirmance of the IJ's denial of Bao's application for asylum and withholding of removal on the basis that Bao failed to prove past persecution or a well-founded fear of future persecution. *See Navas v. INS*, 217 F.3d 646, 654–57 (9th Cir. 2000). Although Bao lost her job on account of her involvement with Falun Gong, that is insufficient to compel a finding of past persecution. *See, e.g.*, *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("That [Petitioner] was fired from her job as a kindergarten teacher because of her religious beliefs, while discriminatory, is not the type of economic deprivation that rises to the level of persecution."). Nor are we compelled to find a well-founded fear of future persecution, given that Bao "has maintained a low profile in the United States" and her website (on which she bases her fear of persecution) "is not popular" and "was only accessible for a short period in China."

Petition **DENIED.**